THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOUIS HOLMES, Defendant-Appellant.

Third District   No. 3—88—0054

Opinion filed March 29, 1989.

HEIPLE, J., dissenting.

Warren T. McNeill, of Monmouth, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a jury trial, the defendant, Louis Holmes, was found guilty of misdemeanor unlawful possession of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 704(c)). The defendant was then sentenced to 12 months' probation and fined $300. He appeals.

The record reveals that on August 22, 1986, Galesburg police officer John Woolsey was dispatched to investigate an anonymous tip that cannabis was growing in the backyard of the defendant's residence. Upon arriving at the defendant's residence, Officer Woolsey knocked on the door. Tiffany Holmes, the defendant's 11-year-old daughter, answered and advised the officer that her parents were not home. Officer Woolsey explained his reason for being there and asked her if it would be all right to look around the yard and garage area. Tiffany replied that Officer Woolsey could go into the backyard.

Officer Woolsey then proceeded to enter the backyard of the defendant's next-door neighbor. From this vantage point in the neighbor's yard, Officer Woolsey observed what appeared to be cannabis plants growing in the defendant's backyard. Officer Woolsey observed a plant approximately four feet tall growing out of a crack in the cement directly in front of the defendant's garage. He also observed two pots that appeared to have cannabis growing in them. Officer Woolsey then radioed for assistance, and while waiting, moved his squad car around to the defendant's garage so that he could secure the evidence.

After Officer Barney Price arrived, the two officers entered the defendant's property without a warrant and began pulling up cannabis plants. As the two officers were attempting to cut down the large four-foot plant growing through the crack in the cement, Officer Price

happened to look through a window in the defendant's garage door and observed a Styrofoam cooler that had cannabis leaves laid out on top of it. The officers immediately entered the garage and seized the cannabis and cooler.

Three days after the seizure of the cannabis, the defendant appeared at the police station for an interview. During the interview, the defendant acknowledged that he was aware of the two potted plants and the container of leaves in the garage, but he denied knowing it was cannabis. Subsequently, the defendant was arrested and charged with unlawful possession of cannabis. The defendant's motion to suppress the seized evidence was denied, and he was later tried before a jury.

One of the jurors selected was Irene Welsch, who lived four houses away from the defendant. During *voir dire* she admitted having heard neighborhood talk about the defendant, but failed to indicate that she had had contact with the defendant's wife. Welsch also remained silent when the court asked all of the veniremen whether there was "[a]nything I haven't asked you about, any outside pressure or problems, anything that may be weighing on your mind that might make it difficult for you to decide this case today or give this case your full attention?"

Late on the last day of trial, the defendant became aware of a three-week-old dispute between his wife and juror Welsch. The dispute involved a verbal confrontation between the defendant's wife and Welsch. The defendant was unable to communicate the existence of this dispute to his counsel until after the jury had retired to begin deliberations.

After deliberating, the jury returned a guilty verdict. As a result, the defendant filed a post-trial motion for a new trial, alleging that the failure of juror Welsch to disclose the altercation denied him his right to an impartial jury. The defendant also asserted that the trial court had erred in denying his pretrial motion to suppress. The court subsequently denied the defendant's post-trial motion.

On appeal, the defendant argues that he should be granted a new trial because juror Welsch misled him into believing she was impartial. At the hearing on the defendant's motion for a new trial, the defendant's wife testified that she had had a number of verbal altercations with Welsch in the several weeks immediately preceding the jury selection. Mrs. Holmes testified that during the altercation Welsch accused the defendant's children and pets of trespassing on and littering Welsch's property. Mrs. Holmes further stated that she had not informed her husband of her relationship with Welsch prior to trial be-

cause she was not aware that Welsch was being considered as a juror.

■ The general rule in cases involving information not disclosed during *voir dire* is that a motion for a new trial will not be granted unless it is established that prejudice resulted; this determination is within the sound discretion of the trial court. (*People v. Porter* (1986), 111 Ill. 2d 386, 489 N.E.2d 1329.) Mere suspicion of bias or partiality is not sufficient to disqualify a juror. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) However, where a juror affirmatively deceives or misleads the court by falsely testifying that she is unprejudiced or impartial, it is a general rule that upon discovery of the deceit after the verdict, a new trial will be ordered. *People v. Oliver* (1977), 50 Ill. App. 3d 665, 365 N.E.2d 618.

■ Applying the above principles to the instant case, we find that the defendant is entitled to a new trial. Juror Welsch did not divulge the whole truth about her relationship with the defendant and his wife. At the hearing on his motion for a new trial, the defendant presented unrebutted evidence showing that Welsch had significant hidden reasons for being prejudiced against him. Further, it is clear that Welsch's silence effectively precluded the defendant's earlier discovery of her prejudices. We therefore find that the defendant met his burden of establishing that Welsch's relationship with him was of such a character that a presumption of prejudice arose. Since the State did not rebut this presumption, the trial court abused its discretion in denying the defendant a new trial. See *People v. Porter* (1986), 111 Ill. 2d 386, 489 N.E.2d 1329.

The defendant's second argument on appeal is that the trial court erred in denying his motion to suppress the evidence. The defendant argues that no exceptions to the warrant requirement were present in this case. We will address this contention since it is likely to be an issue on remand.

■ We agree with the trial court's finding denying the defendant's motion to suppress. A minor child living at home is competent to give lawful consent to search; age alone is never an automatic barrier to capacity to consent. (*People v. Swansey* (1978), 62 Ill. App. 3d 1015, 379 N.E.2d 1279.) It is clear from the record that the defendant's 11-year-old daughter gave the police her consent to search the backyard. Further, the record shows that Tiffany was often left alone to babysit her younger brother, a fact which supports a finding that Tiffany had sufficient capacity to consent. We therefore conclude that Tiffany validly consented to the search and the trial court correctly denied the defendant's motion to suppress. Additionally, we note that the defendant's argument that he was not proved guilty beyond a rea-

sonable doubt is rendered moot by our reversal of his conviction.

We do not deem it necessary to be repetitive by again setting forth the facts since it is evident that at the defendant's trial there was sufficient evidence presented to support a conviction. For the reasons stated, we do conclude that defendant is entitled to a new trial and, accordingly, we will reverse the judgment of the circuit court of Knox County and remand this case for a new trial.

Reversed and remanded.

STOUDER, J., concurs.

JUSTICE HEIPLE, dissenting:

The defendant contended that the trial court erred in denying his motion for a new trial based on juror Welsch's failure to disclose an ongoing dispute she had with the defendant's wife and children. The majority agrees with the defendant and has reversed the conviction and ordered a new trial. I disagree with the reasoning and result reached.

Initially, the majority should have determined that the defendant waived consideration of the alleged error by failing to bring it to the attention of the trial court during the proceedings at a time when the court could have easily investigated the matter and ascertained whether curative measures were needed. In his motion for a new trial, the defendant admitted that he became aware of juror Welsch's possible bias late on the final day of trial and that his counsel was aware of the situation after the case was submitted to the jury. Inexplicably, however, the defendant and his attorney sat idly by and raised the issue of juror Welsch's potential bias only after the jury returned a guilty verdict. Since the defendant failed to bring the matter to the court's attention before the jury completed its deliberations, when he could and should have done so, he has waived the point for review. See *Zukosky v. Grounds* (1980), 85 Ill. App. 3d 355.

With regard to the merits of the appeal, I disagree with the majority's reasoning and result. The relevant legal rules are correctly stated by the majority. The first rule is that in cases such as this, involving information which is not disclosed by a juror during *voir dire*, a motion for a new trial will not be granted unless it is established that prejudice resulted. (*People v. Porter* (1986), 111 Ill. 2d 386, *cert. denied* (1986), 479 U.S. 898, 93 L. Ed. 2d 272, 107 S. Ct. 298.) Mere suspicion of bias or partiality is not sufficient to disqualify a juror. The second rule is that whether the motion for a new trial is granted

is a matter resting within the trial court's sound discretion. (*Porter*, 111 Ill. 2d at 403.) The trial court's decision denying the motion for a new trial in the case before us does not represent an abuse of discretion; the defendant did not sustain his burden of proof on this issue.

The majority stated that the defendant presented evidence that the juror had "significant hidden reasons for being prejudiced" against the defendant. (180 Ill. App. 3d at 873.) The majority also determined that the juror's relationship with the defendant was of such a character that a presumption of prejudice arose. The record is void of support for either of these findings. In fact, the defendant concedes in his brief that "the dispute between Juror Welsch and the defendant's wife does not mean Welsch was not impartial." Thus, there is no presumption of prejudice here, and the majority has based its decision on the mere suspicion of bias or prejudice. As noted above and as the majority acknowledged, mere suspicion is not sufficient.

Furthermore, during *voir dire*, juror Welsch indicated she felt she could be fair and impartial. The juror acknowledged that she had heard neighborhood talk about the case, but indicated it would not interfere with her ability to give the defendant a fair trial. Additionally, in response to a question from defense counsel, juror Welsch indicated that if the State failed to prove the defendant's guilt beyond a reasonable doubt, she would not hesitate to return a verdict of not guilty. Finally, the dispute was between the juror and the defendant's wife, not the defendant, whom the juror characterized only as an acquaintance.

In summary, the defendant failed to establish that his relationship with the juror was of such a character that a presumption of prejudice arose, and the defendant did not show that he was actually prejudiced. This court should have ruled that the trial court did not err in denying the defendant's motion for a new trial. Accordingly, I dissent.